## GEORGE HOWELL v. STATE.

No. A-5237. Opinion Filed Oct. 23, 1926.
(249 Pac. 1112.)

John P. Hickam and C. C. Suman, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

BESSEY, P. J. This charge, which is predicated upon section 1999, Compiled Statutes of 1921, making it unlawful for any person, or persons, to point any pistol or any other deadly weapon, whether loaded or not, at any person, or persons, either in anger or otherwise:

This prosecution grew out of ill feeling between the prosecuting witness and his family and the plaintiff in error and his family. The two families resided about a quarter of a mile apart, one in Lincoln county and the other in Payne county. The residence of each was near the county line, but not exactly opposite to one another. It seems that the accused was a deputy sheriff, and that this ill feeling grew out of his activities in attempting to discover an illicit still.

From the reading of this record, it is hard to ascertain who or which one was most at fault. It seems that, preceding the alleged offense, the women, and perhaps other members of the respective families, had a long-distance wordy controversy, in which some epithets and insulting remarks were passed, by shouting from

the vicinity of one home to the other. This was continued by some of the male members of the respective families. At about this time, the prosecuting witness and two brothers, were engaged in hauling fodder near their home, and claimed that the accused and two neighbor boys, and possibly another, approached a bridge at, or near, the county line, all armed with hunting arms of some character or other, and that the plaintiff in error pointed a .22 rifle at the prosecuting witness, who was then in the vicinity of his home, variously estimated at from 200 yards to a quarter of a mile away. The testimony of the witness for the state was in many particulars indefinite and conflicting.

The accused and his companions admit that they were in possession of rifles of a small caliber, which they had for the purpose of hunting rabbits, but denied that they, or any of them, at any time, pointed a gun at the prosecuting witness, or any member of his family. This claim was corroborated by several seemingly disinterested witnesses. The testimony on the part of the state would indicate that, if the gun was pointed at the prosecuting witness, the character of the gun and the position of the parties was probably such that there was little danger imminent or apparent, such as was contemplated by the statute.

We hold, therefore, that the character of the evidence adduced by the state and its probative value is insufficient to support the charge.

The judgment of conviction is reversed, with instructions to dismiss the action.

DOYLE and EDWARDS, JJ., concur.